UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| BRENNA COSBY, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:06-cv-330 |
| ) | |
| v. ) | |
| ) | Honorable Robert Holmes Bell |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |
| _____) | |

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits. Plaintiff filed her applications on May 6, 2003 (A.R. 69-71), claiming an onset of January 19, 2003. Plaintiff's claims were denied on initial review. (A.R. 26-28, 291-95). Plaintiff received a hearing before an administrative law judge (ALJ) on May 19, 2005, at which she was represented by counsel. (A.R. 298-343). On November 2, 2005, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 13-22). On March 30, 2006, the Appeals Council denied review (A.R. 4-6), and the ALJ's decision became the Commissioner's final decision. On May 15, 2006, plaintiff filed her complaint in this court seeking review of the Commissioner's decision denying her claims for DIB and SSI benefits. Plaintiff's brief presents the following statement of errors:

> The ALJ committed reversible error by concluding that there were a sufficient number of jobs that Plaintiff could perform in the national economy.

(Plf. Brief at 8, docket # 11).  Upon review, I find that plaintiff's argument does not provide any basis for disturbing the Commissioner's decision and that the Commissioner's decision is supported by substantial evidence.  I recommend that the Commissioner's decision be affirmed.

### **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law.  *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  The scope of the court's review is limited.  *Buxton*, 246 F.3d at 772.  The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations.  *See Walters v. Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993).  "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . .  This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference."  *Buxton*, 246 F.3d at 772-73.  "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently."  *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the

position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## **Discussion**

The ALJ found that plaintiff met the disability insured status requirements of the Social Security Act on January 19, 2003, her alleged onset of disability, and continued to meet the requirements through the date of the ALJ's decision. Plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. The ALJ found that plaintiff had severe impairments of degenerative disc disease of the lumbar and cervical spine, bilateral osteoarthritis in her knees, ankles and hands, and obesity. Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the Listing of Impairments. The ALJ determined that plaintiff's subjective complaints were not fully credible. The ALJ found that plaintiff retained the following residual functional capacity (RFC):

> The claimant has the maximum residual functional capacity to lift and/or carry 20 pounds on occasion and 10 pounds on a frequent basis; stand and/or walk a cumulative total of 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; and "occasionally" climb ramps and stairs, balance, stoop, kneel, crouch and crawl (i.e., up to 1/3 of an 8-hour workday).

(A.R. 21). Plaintiff was unable to perform her past relevant work as a mail carrier. Plaintiff was 52 years old as of the date of her alleged onset of disability, and she was and was 55 years old as of the date of the ALJ's decision. Thus, plaintiff was classified as a person closely approaching advanced age and a person of advanced age during the relevant time frame. Plaintiff has a 12th grade education and special job training in air traffic control. The ALJ then turned to the testimony of a vocational expert (VE). The VE testified that plaintiff had work skills that were readily transferable to the semi-skilled functions of light work, including processing written materials, customer service, filing and sorting. In response to a hypothetical question from the ALJ regarding a person of plaintiff's age and with her RFC, education, work skills and experience, the VE testified that there were approximately 5,200 jobs within the southern two-thirds of Michigan's Lower Peninsula that the hypothetical person would be capable of performing. (A.R. 333-35). The ALJ held that this constituted a significant number of jobs. (A.R. 20). The ALJ observed that Rules 202.15 and 202.07 of the Medical-Vocational Guidelines would likewise direct a finding of non-disability.[1] (*Id.*). Accordingly, the ALJ found that plaintiff was not disabled. (A.R. 13-22).

Plaintiff argues that the 5,200 jobs identified by the VE is not a significant number of jobs. (Plf. Brief at 9, docket # 11; Reply Brief at 2, docket # 13). In response to the ALJ's hypothetical question the VE identified 5,200 jobs within the lower two-thirds of Michigan's Lower Peninsula that the hypothetical person would be capable of performing. The 5,200 jobs easily constitutes a significant number of jobs. *See Lee v. Sullivan*, 988 F.2d 789, 794 (7th Cir. 1993) (1,400 is a significant number and collecting cases where as few as 174 positions were found to be

---

[1]Defendant is correct that plaintiff has not addressed this alternative ground on which the ALJ based his decision finding that plaintiff was not disabled. (Deft. Brief at 9, 11, docket # 12).

a significant number); *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988) (1,350 is a significant number); *see also Martin v. Commissioner*, 170 F. App'x 369, 374 (6th Cir. 2006)(870 jobs constituted a significant number of jobs); *Simons v. Barnhart*, 114 F. App'x 727, 734 (6th Cir. 2004); *Tidwell v. Barnhart*, 88 F. App'x 82, 85-86 (6th Cir. 2004). I find that the Commissioner's decision in this regard is supported by more than substantial evidence.

## Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated: December 12, 2006        /s/  Joseph G. Scoville
                                United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).